1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAMES RUFFULO, et al., individually        )    Case No. CV  23-1796 FMO (MAAx)
     and on behalf of all others similarly      )
12  situated,                                   )
                                                )
             Plaintiffs,                        )    **ORDER**
13                                              )
             v.                                 )
14                                              )
     FARMERS INSURANCE EXCHANGE,                )
15  et al.,                                     )
                                                )
16           Defendants.                        )
                                                )
17  _____            )

18        Having reviewed and considered the briefing filed with respect to defendants' Motion to

19  Dismiss Plaintiffs' Complaint (Dkt. 32, "Motion"), the court finds that oral argument is not

20  necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar.

21  Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001),and concludes as follows.

22        Many motions to dismiss can be avoided if the parties confer in good faith (as required by

23  Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could

24  be corrected by amendment.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052

25  (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to

26  amend unless it is clear that the complaint could not be saved by any amendment).  Moreover,

27  a party has the right to amend the complaint "once as a matter of course[.]"  Fed. R. Civ. P.

28  15(a)(1).  Even after a complaint has been amended or a responsive pleading has been served,

the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendants' Motion and dismiss plaintiffs' First Amended Complaint (Dkt. 28) with leave to amend.  In preparing the Second Amended Complaint, plaintiffs should carefully evaluate the contentions set forth in defendants' Motion.  For example, it appears that plaintiffs lack standing as to the FEHA and UCL claims.

Based on the foregoing, IT IS ORDERED THAT:

1.      Defendants' Motion to Dismiss **(Document No. 32)** is **granted**.

2.      The First Amended Complaint (Dkt. 28) is **dismissed with leave to amend**.

3.      If plaintiffs still wish to pursue this action, they are granted until **February 19, 2024**, to file a second amended complaint attempting to cure the deficiencies set forth above as well as the  other alleged defects outlined in defendants' Motions.  The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4.      The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case.  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5.      Plaintiffs are cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to

1  comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626,

2  629-30, 82 S.Ct. 1386, 1388 (1962).

3      6.    Defendants shall file their Answer to the Second  Amended Complaint or a motion

4  pursuant to Fed. R. Civ. P. 12 no later than **March 11, 2024**.

5      7.    In the event defendants wish to file another motion to dismiss, then counsel for the

6  parties shall, on **March 4, 2024, at 10:00 a.m.**[1] meet and confer either in person or via video-

7  conference to discuss defendants' motion to dismiss.  Defendants' motion must include copies

8  of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and

9  confer process (i.e., when and where it took place, how long it lasted and the position of each

10  attorney with respect to each disputed issue that will be the subject of the motion).  Failure to

11  include such a declaration will result in the motion being denied.

12  Dated this 29th day of January, 2024.

13

14                                              /s/
                                    _____
15                                        Fernando M. Olguin
                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27  _____

28      [1]   Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.